UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

GREGORY GILLILAN, )
)
    Plaintiff, )
)
v. ) Case No. CV407-128
)
MENTAL HEALTH COUNSELOR )
WALKINS, )
)
    Defendant. )

# REPORT AND RECOMMENDATION

Plaintiff, a prisoner at Coastal State Prison, has submitted yet another complaint under 42 U.S.C. § 1983 and filed a motion for leave to proceed *in forma pauperis*. Plaintiff is barred from proceeding *in forma pauperis* due to the "three strikes" provision of 28 U.S.C. § 1915(g).

Pursuant to 28 U.S.C. § 1915(g), a prisoner may not bring a civil action without the prepayment of a filing fee

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under

imminent danger of serious physical injury.

The Eleventh Circuit has held that a prisoner barred from proceeding *in forma pauperis* due to the "three strikes" provision in § 1915(g) must pay the complete $350 filing fee when he initiates a suit. <u>Vanderberg v. Donaldson</u>, 259 F.3d 1321, 1324 (11th Cir. 2001). Therefore, the proper procedure for a district court faced with a prisoner who seeks *in forma pauperis* status but is barred by the "three strikes" provision is to dismiss the complaint without prejudice. <u>Dupree v. Palmer</u>, 284 F.3d 1234, 1236 (11th Cir. 2002).

Plaintiff has previously filed three complaints that have been dismissed under 28 U.S.C. § 1915A, which directs courts to conduct an early screening of prisoner suits to determine if they may be dismissed for frivolity, maliciousness, failure to state a claim upon which relief may be granted, or seeking relief from an immune defendant. See <u>Gillilan v. Brown</u>, 1:06-CV-00124-DHB-WLB, docs. 12, 17 (S.D. Ga. Dec. 21, 2006) (dismissing for failure to state a claim); <u>Gillilan v. Thomas</u>, 1:06-CV-00122-DHB-WLB, docs. 9, 12 (S.D. Ga. Jan. 10, 2007) (dismissing for failure to state a claim); and <u>Gillilan v. Young</u>, 1:06-CV-00109-DHB-WLB, docs. 20, 23 (S.D. Ga. Feb. 7, 2007) (dismissing for failure to state a claim) . These three cases add up

to a "strike out" for plaintiff under § 1915(g). Without a showing of "imminent danger of serious physical injury," plaintiff's petition should be denied, and his complaint dismissed without prejudice. 28 U.S.C. § 1915(g).

In order to come within the "imminent danger" exception, a prisoner must be in imminent danger when he files his complaint. <u>Medberry v. Butler</u>, 185 F.3d 1189, 1193 (11th Cir. 1999). Plaintiff alleges that he is a "Mental Health Level 3" inmate, and that he was brought to the emergency room on several occasions for attempted suicide. Doc. 1. Plaintiff states that he asked his current mental health counselor (defendant Walkins) to refrain from further treatment and to place plaintiff under the care of another mental health counselor. <u>Id.</u> Plaintiff also asserts that defendant has refused to dispense certain medications prescribed to plaintiff by a medical doctor. <u>Id.</u> Plaintiff seeks an injunction against further mental health treatment from defendant.

The allegations fail to support a finding of imminent danger of serious physical injury. Plaintiff indicates that his multiple suicide attempts are related to his mental health problems. <u>Id.</u> Plaintiff, however, has been in treatment with his current counselor for only a few weeks. <u>Id.</u> Without a

to a "strike out" for plaintiff under § 1915(g). Without a showing of "imminent danger of serious physical injury," plaintiff's petition should be denied, and his complaint dismissed without prejudice. 28 U.S.C. § 1915(g).

In order to come within the "imminent danger" exception, a prisoner must be in imminent danger when he files his complaint. <u>Medberry v. Butler</u>, 185 F.3d 1189, 1193 (11th Cir. 1999). Plaintiff alleges that he is a "Mental Health Level 3" inmate, and that he was brought to the emergency room on several occasions for attempted suicide. Doc. 1. Plaintiff states that he asked his current mental health counselor (defendant Walkins) to refrain from further treatment and to place plaintiff under the care of another mental health counselor. <u>Id.</u> Plaintiff also asserts that defendant has refused to dispense certain medications prescribed to plaintiff by a medical doctor. <u>Id.</u> Plaintiff seeks an injunction against further mental health treatment from defendant.

The allegations fail to support a finding of imminent danger of serious physical injury. Plaintiff indicates that his multiple suicide attempts are related to his mental health problems. <u>Id.</u> Plaintiff, however, has been in treatment with his current counselor for only a few weeks. <u>Id.</u> Without a

stronger showing that his current treatment will, in fact, lead to further physical harm, the case must be dismissed.

Plaintiff is a frequent filer in the federal courts. He has at least seventy-two separate case numbers assigned to him over six years of incarceration. The "three strikes" provision of § 1915(g) was created specifically to aid the courts in these cases. For the reasons stated above, plaintiff's motion to proceed without prepayment of fees should be **DENIED** and his complaint should be **DISMISSED** without prejudice. If plaintiff wishes to proceed with the claims he raises in this suit, he must file a new complaint accompanied by the full $350.00 filing fee.

**SO REPORTED AND RECOMMENDED** this 7TH day of **September, 2007.**

**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**

4

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| GREGORY GILLILAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CV407-128 |
| | ) |
| MENTAL HEALTH COUNSELOR WALKINS, | ) |
| | ) |
| Defendant. | ) |

# **ORDER**

After a careful <u>de novo</u> review of the record in this case, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court.

**SO ORDERED** this _____ day of _____, 2007.

_____
**WILLIAM T. MOORE, JR., CHIEF JUDGE**
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| GREGORY GILLILAN, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. CV407-128 |
| MENTAL HEALTH COUNSELOR WALKINS, | ) |
| Defendant. | ) |

# **ORDER**

After a careful _de novo_ review of the record in this case, the Court concurs with the Magistrate Judge's Report and Recommendation, to which no objections have been filed. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court.

**SO ORDERED** this ____ day of _____, 2007.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA